**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>**v.**<br><br>**EDWIN APONTE** | **CRIMINAL ACTION**<br>**NO. # 25-227-1** |

# MEMORANDUM OPINION

A grand jury indictment charged Defendant Edwin Aponte ("Aponte") with, *inter alia*, one count of carjacking and aiding and abetting, in violation of 18 U.S.C. §§ 2119 and 2. Aponte has moved to dismiss this count pursuant to Federal Rule of Criminal Procedure 12(b), arguing that there is insufficient evidence to sustain a conviction under the federal carjacking statute. For the reasons that follow, Aponte's motion shall be denied.

## I. LEGAL STANDARD

An "indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government." Fed. R. Crim. P. 7(c)(1). It "is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974) (citing *Hagner v. United States*, 285 U.S. 427 (1932); *United States v. Debrow*, 346 U.S. 374 (1953)). Although an indictment "must allege more than *just* the essential elements of the offense," *United States v. John-Baptiste*, 747 F.3d 186, 195-96 (3d Cir. 2014) (emphasis added), it need not provide greater specificity than the statutory language "so long as there is sufficient factual orientation to permit the defendant to prepare his defense and to invoke double jeopardy in the event of a subsequent

prosecution," *United States v. Kemp*, 500 F.3d 257, 280 (3d Cir. 2007) (quoting *United States v. Rankin*, 870 F.2d 109, 112 (3d Cir. 1989)). "Generally, an indictment will satisfy these requirements where it informs the defendant of the statute he is charged with violating, lists the elements of a violation under the statute, and specifies the time period during which the violations occurred." *United States v. Huet*, 665 F.3d 588, 595 (3d Cir. 2012).

"Federal Rule of Criminal Procedure 12(b)(2) authorizes dismissal of an indictment if its allegations do not suffice to charge an offense, but such dismissals may not be predicated upon the insufficiency of the evidence to prove the indictment's charges." *United States v. DeLaurentis*, 230 F.3d 659, 661 (3d Cir. 2000).

## II. DISCUSSION

The indictment charges Aponte and his codefendants with a violation of the federal carjacking statute,[1] alleging that they "with intent to cause death and serious bodily harm, took[2] . . . from the person and presence of D.P. and R.G., by force and violence, and by intimidation, a motor vehicle, that is, a U-Haul Truck . . . that had been transported, shipped, and received in interstate commerce."

Aponte does not, with respect to this charge, argue that the indictment fails to state an offense. Instead, he contends that "the record . . . contains no evidence" that Aponte acted "with the intent to cause death or serious bodily harm." Relying on an out-of-circuit case, he argues that a court may evaluate the sufficiency of the evidence under Rule 12 "where the material facts

---

[1] The federal carjacking statute criminalizes the taking of "a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation" and "with the intent to cause death or serious bodily harm." 18 U.S.C. § 2119.

[2] The count also alleges conduct relevant to aiding and abetting liability under 18 U.S.C. § 2.

are undisputed and only an issue of law is presented" and "in the absence of a government objection." *See United States v. Yakou*, 428 F.3d 241, 247 (D.C. Cir. 2005).[3]

However, "a pretrial motion to dismiss an indictment is not a permissible vehicle for addressing the sufficiency of the government's evidence." *DeLaurentis*, 230 F.3d at 660-61 (citing *United States v. Knox,* 396 U.S. 77, 83 n.7 (1969)). To be sure, if the Government is to sustain a conviction at trial, it must prove all the elements of the carjacking offense beyond a reasonable doubt, including that Aponte acted with the requisite intent. But, absent an undisputed factual record, "[t]he government is entitled to marshal and present its evidence at trial, and have its sufficiency tested by a motion for acquittal pursuant to Federal Rule of Criminal Procedure 29." *DeLaurentis*, 230 F.3d at 661.

Therefore, Aponte's motion shall be denied.

**BY THE COURT:**

**S/ WENDY BEETLESTONE**

**WENDY BEETLESTONE, C.J.**

[3] Although *Yakou* is not binding on this Court, Third Circuit caselaw similarly suggests that a district court can evaluate the sufficiency of the evidence where there is a stipulated record. *See DeLaurentis*, 230 F.3d at 660-61. However, no such stipulated record exists in this case and the Government maintains that there are factual disputes that must be presented to the jury.