**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>**v.**<br><br>**EDWIN APONTE** | **CRIMINAL ACTION**<br>**NO. # 25-227-1** |

**MEMORANDUM OPINION**

Defendant Edwin Aponte ("Aponte") is charged with, *inter alia*, two counts (Counts Two and Three) of kidnapping and aiding and abetting, in violation of 18 U.S.C. §§ 1201(a)(1) and 2. Aponte has moved to dismiss those counts pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B), arguing that the indictment fails to state an offense under the federal kidnapping statute and that there is insufficient evidence to proceed with these counts. For the reasons that follow, Aponte's motion shall be denied.

## I. LEGAL STANDARD

An "indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government." Fed. R. Crim. P. 7(c)(1). It "is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974) (citing *Hagner v. United States*, 285 U.S. 427 (1932); *United States v. Debrow*, 346 U.S. 374 (1953)). Although an indictment "must allege more than just the essential elements of the offense," *United States v. John-Baptiste*, 747 F.3d 186, 195-96 (3d Cir. 2014), it need not provide greater specificity than the statutory language "so long as there is sufficient factual orientation to permit the defendant to

prepare his defense and to invoke double jeopardy in the event of a subsequent prosecution," *United States v. Kemp*, 500 F.3d 257, 280 (3d Cir. 2007) (quoting *United States v. Rankin*, 870 F.2d 109, 112 (3d Cir. 1989)). "Generally, an indictment will satisfy these requirements where it informs the defendant of the statute he is charged with violating, lists the elements of a violation under the statute, and specifies the time period during which the violations occurred." *United States v. Huet*, 665 F.3d 588, 595 (3d Cir. 2012).

"Federal Rule of Criminal Procedure 12(b)(2) authorizes dismissal of an indictment if its allegations do not suffice to charge an offense, but such dismissals may not be predicated upon the insufficiency of the evidence to prove the indictment's charges." *United States v. DeLaurentis*, 230 F.3d 659, 661 (3d Cir. 2000).

## II. DISCUSSION

Counts Two and Three of the indictment allege[1] that "[o]n or about June 3, 2024, in Philadelphia, in the Eastern District of Pennsylvania," Aponte and his codefendants knowingly and willfully: (1) "unlawfully seized, confined, kidnapped, abducted, carried away, and held," [2] D.P. and R.G.; (2) did so "for ransom, reward, and otherwise, that is, for the purpose of robbing and carjacking" of D.P. and R.G.; and, (3) "in committing the offense, [they] used a means, facility, and instrumentality of interstate commerce, that is, cellular telephones and a 2021 Jeep Grand Cherokee . . . that had been transported, shipped, and received in interstate commerce."

This language hews closely to the language in the federal kidnapping statute which provides, in relevant part, that:

[1] Count Two alleges that the Defendants, including Aponte, kidnapped, and aided and abetted the kidnapping of D.P. Count Three alleges the same with respect to R.G.

[2] Each count also alleges conduct relevant to aiding and abetting liability under 18 U.S.C. § 2, namely, that the Defendants "aided and abetted the unlawful seizing, confining, kidnapping, abducting, carrying away, and holding of" the respective victim.

> "[w]hoever unlawfully seizes, confines, . . . kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person . . . when the person is willfully transported in interstate or foreign commerce. . . or the offender travels in interstate or foreign commerce or uses the mail or any means, facility, or instrumentality of interstate or foreign commerce in committing or in furtherance of the commission of the offense. . . shall be punished by imprisonment for any term of years or for life."

18 U.S.C. § 1201(a)(1). This statute, therefore, provides three possible avenues for establishing a federal nexus: (1) the transportation of a victim is in interstate commerce; (2) the travel of an offender in interstate commerce in the commission or furtherance of the kidnapping; or, (3) the offender uses the mail or any means, facility, or instrumentality of interstate or foreign commerce in committing or furthering the offense. *Id.* It is upon this element of the kidnapping statute—the federal jurisdictional hook—that Aponte bases his challenge.

Aponte argues that, because the indictment alleges neither that the defendants transported the victims across state lines, nor that the defendants themselves traveled outside of Pennsylvania in the commission of the offenses, both of those avenues of federal jurisdiction are closed to the Government. With respect to the third option—the use of an instrumentality of interstate commerce[3]—he acknowledges that "Counts Two and Three state components of the interstate-commerce element," but argues that the indictment is defective because it does not go further and "provide facts supporting" *how* the Jeep Grand Cherokee or cellular telephones were used in the two kidnappings.

The question, then, is not whether the indictment alleges the jurisdictional element—it does—but whether the indictment must contain the additional facts Aponte contends are missing. Yet, Aponte identifies no case law that would suggest such a requirement. To the contrary, the

[3] "[M]otor vehicles are instrumentalities of interstate commerce." *United States v. Bishop*, 66 F.3d 569, 590 (3d Cir. 1995). Although the Third Circuit has not announced a similar rule with respect to cellular telephones, circuits that have considered the issue have found that they are *per se* instrumentalities. *See United States v. Holloway*, 2026 WL 2445539 at *1 (E.D. Pa. Aug. 20, 2026) (collecting cases).

binding rule, as articulated in *Hamling*, 418 U.S. at 117-18, and applied by the Third Circuit, *see, e.g., Huet*, 665 F.3d at 595; *John-Baptiste*, 747 F.3d at 195-96; *Rankin*, 870 F.2d at 112, is that the indictment need only lay out the elements of the offense and provide sufficient factual orientation to allow Aponte to prepare his defense and invoke double jeopardy in the event of a subsequent prosecution. *See John-Baptiste*, 747 F.3d at 195-96. "[D]etailed allegations are unnecessary." *United States v. Stock*, 728 F.3d 287, 292 (3d Cir. 2013).

Measured against this standard, both relevant counts in this indictment identify the statute charged, set out the elements of the offense, distinguish the victims for each charge, and specify the date—June 3, 2024—on which the alleged kidnappings occurred. *See Huet,* 665 F.3d at 595. They further identify the basis for federal jurisdiction—the use of cellular telephones and a specific Jeep Grand Cherokee—which the Government alleges the defendants used "in committing the offense." This is sufficient to set forth the elements under the federal kidnapping statute and provide enough additional information to apprise Aponte of the charges against which he must defend or invoke double jeopardy in the event of a subsequent prosecution. *See, e.g.*, *John-Baptiste*, 747 F.3d 186 (observing that indictment was "adequate," even absent the names of the victims, where it alleged the statutory elements, the relevant time period, and the nature of the charged conduct); *Stock*, 728 F.3d at 292 (explaining that "detailed allegations" are unnecessary where the indictment recites the statutory language and provides "sufficient factual orientation"—typically the time period—of the alleged offense); *Rankin*, 870 F.2d at 112 (holding that an indictment need not specify "the particular manner" in which the charged conduct accomplished an element of the offense); *see also United States v. Resendiz-Ponce*, 549 U.S. 102, 110 (2007) ("[D]etailed allegations . . . are not contemplated by Rule 7(c)(1).").

Therefore, Aponte's motion shall be denied. An appropriate order follows.

**BY THE COURT:**

**S/ WENDY BEETLESTONE**

**WENDY BEETLESTONE, C.J.**